```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                      TAMPA DIVISION
```

ANDY K. ZUTTAH,

       Plaintiff,
v.                                Case No. 8:13-cv-1698-T-33TBM

DEPUTY RYAN WEIDLER, in his
individual capacity,

       Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Deputy Ryan Weidler's Motion to Dismiss (Doc. # 8), which was filed on September 9, 2013. In the Motion to Dismiss, Deputy Weidler seeks dismissal with prejudice of this false arrest action arguing that (1) the Complaint fails to state a claim upon which relief can be granted; (2) Deputy Weidler is entitled to qualified immunity; and (3) Plaintiff, Andy Zuttah, destroyed all of the evidence warranting a finding of spoliation.

Zuttah, who is proceeding pro se, failed to file a response in opposition to the Motion to Dismiss within the time parameters of Local Rule 3.01(b), which states, "Each party opposing a motion or application shall file within fourteen (14) days after service of the motion or application a response that includes a memorandum of legal authority in

opposition to the request, all of which the respondent shall include in a document not more than twenty (20) pages." Local Rule 3.01(b), M.D. Fla.

Zuttah was originally represented by counsel, Michael Maddux, Esq. However, Mr. Maddux moved to withdraw, and on September 5, 2013, the Court entered an Order granting the motion to withdraw. (Doc. # 7). In that order, the Court specified: "Within twenty (20) days, Plaintiff shall advise the Court as to the name and address of substitute counsel or if he wishes to proceed pro se. During the interim and in the absence of a notice of appearance by new counsel, Plaintiff shall be responsible for the continued prosecution of his case." (Id. at 2). On September 27, 2013, Zuttah filed a Notice indicating that he intends to proceed pro se. (Doc. # 10).

On October 15, 2013, the Court entered an Order explaining that "the deadline for Plaintiff to respond to the Motion to Dismiss has expired, and the Motion to Dismiss is now technically an unopposed motion." (Doc. # 11 at 3). However, taking into account Zuttah's pro se status, the Court determined that it was appropriate to provide Zuttah with another opportunity to respond to the Motion to Dismiss. The Court, however, warned Zuttah: "In the instance that Plaintiff

opposes the Motion to Dismiss, Plaintiff may file a response in opposition to the Motion to Dismiss by October 28, 2013. Absent a timely and adequate response by Plaintiff, this Court may be inclined to grant the Motion to Dismiss as an unopposed motion." (Id.).

At this juncture, due to Zuttah's failure to respond to the Motion to Dismiss, the Court determines that it is appropriate to grant the Motion to Dismiss as an unopposed Motion. This action is dismissed without prejudice, and the Clerk is directed to close the case.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

(1) Defendant Deputy Ryan Weidler's Motion to Dismiss (Doc. # 8) is **GRANTED.**

(2) The Clerk is directed to **CLOSE** the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 30th day of October, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record